## JOEL P. JENCKES *vs.* EDMUND L. COOK.

A farm owned by J. was sold at public auction under the power of sale contained in a mortgage. C. agreed to attend the sale and bid off the property for J., and it was struck off to him. The court having held that C. was a trustee for J., and had no other interest in the farm than to be made whole for the moneys paid by him, with interest, and all sums equitably due for his services, and the case having been referred to a master to take an account: *held*, upon the coming in of his report, that C. was entitled to simple interest at six per cent. on all the advances made by him as such trustee, and also to the amount actually paid by him for the use of the money originally used to purchase the estate.

*Held, further*, that where the evidence of experts was conflicting as to the fair annual rent of a pasture belonging to J., used by C. for a term of years, the master properly fixed it at the sum agreed upon by the parties as its rent for one certain year.

*Held, further*, that in respect of costs, as there was no charge of fraud, and the respondent undertook the business to befriend the complainant, and the litigation was caused by misunderstandings as to which both parties were in fault, most substantial justice would be done by letting the complainant pay his own costs and the costs of court, and the respondent pay his own costs.

BILL IN EQUITY to compel a conveyance by the respondent to the complainant of a certain farm in Cumberland, which the respondent bid off at a mortgagee's sale, and then, taking a deed to himself, refused to convey to the complainant in accordance with an alleged agreement previously made between the parties. The cause was heard at the October Term of the court for this county, 1870, where it was held (see report of the case 9 R. I.

520) that the respondent was a trustee for the complainant, and had no other interest in the farm than to be made whole for the moneys paid by him, with interest, and all sums equitably due him for his services. The cause was thereupon committed to Edwin Metcalf, Esq., as master, to take an account of all the moneys paid by the respondent on account of the estate, with interest, and of the amount due him as trustee. The following are the essential portions of the report of the master : —

" The defendant produced before the master an account of his advances to the plaintiff, and of his claims upon the estate held in trust by him. The payments charged in this account being undisputed, the only questions left for determination are these : Whether interest shall be allowed, its rate, and mode of computation. Whether any and what compensation is to be allowed to the defendant for services as trustee, and the amount chargeable to the defendant for rent.

" *First.* The decree directs that interest be allowed, and the master is only called upon to ascertain its rate and mode of computation. The plaintiff claims that simple interest at six per cent. is all that can be allowed under the decisions of this court, and that the defendant in no aspect of the case ought to stand in a better position than that of a mortgagee. The defendant insists that as the decree provides that he shall receive what is equitably due, and be made whole in the transaction, he is entitled to such interest as he paid for moneys advanced, and to the current rate of interest during the period in question, seven per cent. compounded annually.

" The master finds upon this part of the case no equitable consideration for departing from the legal rate of interest, and accordingly submits a statement of the account, with simple interest from the date of the respective advances to October 28, 1871, computed at six per cent. per annum, on all the items, excepting the original advance of $1,313\frac{57}{100}$ dollars. Understanding the instruction of the court that the defendant is to be made whole in the transaction, to relate to moneys expended by him, and to require that all his expenses be repaid, the master allows in addition to the simple interest upon this sum, the amount actually paid by the defendant for the use of the same, viz., $145\frac{18}{100}$ dollars.

" *Second.* The decree does not in terms direct an allowance for compensation. . . . . Considering the circumstances of this case, and the language of the court in their opinion prior to the decree of reference, the master is unable to find such intimation of their purpose in this regard as to determine his action in relation to it, and he accordingly makes no such allowance.

" If, however, the decree should be construed as directing that some compensation be allowed, the master finds upon the evidence no special services rendered, beyond the payment of moneys stated in the account ; and for this the customary allowance of five per cent. commission would afford ample compensation, amounting to $236\frac{95}{100}$ dollars.

" *Third.* The rent properly chargeable for the use of the pasture by the defendant is not easily to be ascertained from the evidence. This consists entirely of the opinions of experts, three of whom fix the rent at $35 a year, and three at $75. Upon this testimony the master does not deem it proper to disturb the agreement of the parties who in 1865 fixed the rent for that year at $36, and he accordingly finds that the defendant has properly charged himself with that sum.

" The master therefore finds and reports that there is equitably due from the plaintiff to the defendant the sum of $4,800\frac{93}{100}$ dollars, with interest from and after October 28, 1871."

The cause was now heard upon the exceptions filed by both parties to the master's report.

*T. C. Greene*, for complainant.

*Browne & Aldrich*, for respondent.

POTTER, J. The facts in this case are stated in some detail in the opinion delivered by Brayton, C. J. It was sent to a master, and now comes before the court again upon exceptions by both parties to his report.

The complainant objects to the allowance of interest. He made a tender, but he did not retain the money tendered, nor did he pay it into court. He does not claim that he has lost any interest in consequence of his tender not having been accepted. And besides, we think the question of interest was considered settled in the former decree.

The amount the respondent was obliged to pay for raising money was properly allowed under the circumstances, and we do.

not think there is any evidence to justify us in setting aside the master's report as to rent.

The respondent claims $100 per annum as compensation, or five per cent. commission, and to this the complainant objects. We think 2½ per cent. a reasonable allowance.

The parties have also been heard upon the question of costs.

In this case the respondent was decreed to hold in trust for the complainant, and to hold the land as security for the moneys advanced by him. The rules which apply in the case of mortgages, therefore, apply substantially here.

Where the mortgagee contests the right to redeem or the amount due, and the question is one which might fairly and honestly be disputed, or where the accounts are complicated, he would generally be allowed his costs. And on the other hand, where his conduct has been fraudulent or oppressive, or where there is any gross misconduct, he might be decreed to pay costs.

In the present case, there is no charge of fraud against the respondent, nor any evidence whatever of fraud. He undertook the business to befriend the complainant; and with the understanding (as he alleges) that if the complainant did not raise the money by a certain day, the land was to be his own. He subsequently extended this time. Afterwards misunderstandings arose between them which led to this litigation, as to which we think both parties are in fault. The complainant himself is certainly to blame for dilatoriness. And on the whole, we think the most substantial justice will be done by letting the complainant pay his own costs and the costs of court, and the respondent paying his own costs. *Decree accordingly.*